## SMITH v. ARMES.
### No. 14906.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 23, 1948.

Rehearing Denied Feb. 20, 1948.

Donald & Donald, of Bowie, for appellants.

John W. Moore, of Jacksboro, for appellee.

SPEER, Justice.

Plaintiff, J. C. Armes, sued defendants, A. J. Smith and his wife, Ethel P. Smith, in a Justice Court of Jack County, Texas, to recover $125.

The case was appealed from the Justice Court to the County Court of Jack County, Texas.

Written pleadings were filed in the County Court, and from plaintiff's petition his suit appears to be based upon allegations that he purchased from defendants "a lot or parcel of land in the City of Jacksboro, Jack County, Texas, eighty feet wide and one hundred and fifty feet long, said lot or parcel described as follows: The north part of Lot 4 in Block No. 36, according to the official plat of record of the town of Jacksboro as shown of record in the office

of the County Clerk, Jack County, Texas, described as follows". Then follows a description by metes and bounds, which, in part, recites to begin at the northwest corner of Lot No. 4 in Block No. 36 and go east with its north line 150 ft. to its northeast corner; thence south 80 ft. to the northeast corner of a lot sold by grantors to Mrs. Thompson; thence west 150 ft. to the northwest corner of a lot sold by grantors to Spencer and Pewitt; thence north with the west line of said lot, 80 ft. to the place of beginning.

Allegations are made that by a survey the lot so purchased by plaintiff was only 70 ft. wide and deficient in width by 10 ft.; that defendants, by warranty deed, had made the conveyance and did not keep their covenant as contained in the deed; that plaintiff paid $600 for the lot and because of the deficiency in quantity he was damaged $125. He prayed for recovery of that amount and for costs of suit.

Defendants answered first by a plea in abatement, to the effect that plaintiff's suit involved the trial of title to land and for that reason the Justice Court had no jurisdiction and that the County Court acquired none on appeal.

Many special exceptions were urged and overruled by the court but the court's rulings thereon are not complained of here. Defendants further pleaded the general issue and specially that the petition disclosed that defendants had sold to plaintiff the property for $600 under a general warranty deed and that since there were no allegations that defendants warranted or covenanted or otherwise guaranteed the quantity of land in the lot and in the absence of allegations of fraud or mistake plaintiff could not recover damages for any deficiency in the quantity under defendants' warranty of title.

There are other special answers which we need not mention in view of the disposition we think should be made of this appeal. Upon a jury trial a verdict was returned in response to special issues.

The court entered judgment on the verdict in favor of plaintiff for $75, and defendants have appealed.

■ The first point of error assigned complains because the court overruled defendants' plea in abatement. We see no error in the action of the court since this case does not fall within the provisions of the Constitution, Art. 5, sec. 8, Vernon's Ann.St., nor of Article 1906, sec. 4, Vernon's Ann.Civ.St.

■ The general rule seems to be that even though title to real estate be incidentally involved, if it be a mere auxiliary or collateral matter incident to the primary cause of action, the district court would have no original jurisdiction, but any inferior court having jurisdiction of the amount in controversy would be the proper forum in which to litigate the issue.

■ In Kegans v. White et al., Tex. Civ.App., 131 S.W.2d 990, 992, a suit was instituted in the County Court for the recovery of the reasonable rentals for the use of real estate claimed by plaintiff. The amount sued for was within the jurisdiction of the County Court. The defendant denied owing any attornment to plaintiff upon the ground that plaintiff had no interest in the real estate for which he sought rentals. The case is rather a complicated one and much ado was had over the result of several law suits, but the question of ownership of title was only incidental to the claim for rentals. The court said: "If the title is involved in no other way than that suggested, clearly the trial court had jurisdiction to hear and determine the case as established by the authorities relied upon by appellees. Kalteyer v. Wipff, Tex.Civ.App., 65 S.W. 207; Putty v. Putty, Tex.Civ.App., 6 S.W. 2d 136; Robinson v. Clymer, Tex.Civ.App., 170 S.W. 107; Melvin v. Chancy, 8 Tex. Civ.App. 252, 28 S.W. 241; Southwestern Bell Co. v. Burris, Tex.Civ.App., 68 S.W.2d 542, 543." The cited authorities lead us to conclude that trial of the title of property was not involved and that the County Court had appellate jurisdiction.

Defendants' third point of error is very lengthy and embraces many asserted facts, arguments, etc., but, as we understand it, they complain because the court entered judgment for plaintiff for damages because of the deficit in the quantity of the lot

conveyed by defendants' general warranty deed when there were no allegations or proof of the special warranty or covenant of quantity nor allegations or evidence of fraud or mistake on the part of the parties to the transaction. We are of the opinion that this point of error should be sustained.

The warranty in the deed, and relied upon by plaintiff, reads: "And we do hereby bind ourselves, our heirs, executors and administrators to Warrant and Forever Defend all and singular the said premises unto the said J. C. Armes, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

The plaintiff seeks to sustain the judgment in his favor and argues earnestly that under defendants' warranty found in the deed and the establishment of the deficit in the quantity of the lot he is entitled to recover damages under authority of the rule announced in Davis v. Fain, Tex.Civ. App., 152 S.W. 218, 219. There is language to be found in that case which tends to support plaintiff's contention if it could be said that the description of the property conveyed in the instant case could be construed as explicit and definite as the property was described in the cited case. The reasoning of this court in that case was based upon the theory, as there stated: "It is not a case where a definite tract of land is conveyed by metes and bounds and the quantity stated by way of description merely, but * * *." There is nothing in the pleadings or evidence to indicate that the sale of the lot in controversy was made upon a basis of front footage, but the record indicates that the lot and area south of it was vacant and was inspected by plaintiff and after the sellers' asking price was reduced from $750 to $600 he purchased and paid for it. Indeed we think the record in the instant case shows that this sale was precisely what the court in the cited case said that one was not. The cited case did not reach the Supreme Court.

■ It is our view that the general warranty contained in the deed from defendants to plaintiff cannot be construed as a covenant of quantity in the lot but was only a warranty of the title thereto and recovery could not be had upon that warranty unless and until the title failed. In 12 Tex.Jur. 27, sec. 18, it is said: "As regards covenants of warranty, it is a general rule that a deficit in the quantity of the land conveyed does not result in a cause of action on such a covenant; it is breached only by a failure of title."

In Brown v. Yoakum, Tex.Civ.App., 170 S.W. 803, writ refused, it was held that the general covenant of warranty does not include a warranty of the quantity of land conveyed unless the property is sold by the acre and the quantity warranted, and it was further held that in the absence of a warranty of quantity there can be no reduction of the purchase price for a deficiency in the quantity unless there is proof of fraud or mistake.

In Nicholson v. Slaughter Co., Tex.Civ. App., 217 S.W. 716, writ refused, it was held that where land is sold in bulk for a lump sum and not by the acre with the quantity warranted, the general warranty of title does not include a warranty of the quantity of land conveyed.

In Barnes v. Lightfoot, 26 Tex.Civ.App. 113, 62 S.W. 564, writ dismissed, it was held that where land was not sold by the acre, though the deed called for a certain number of acres, and upon measurement it was found to be short of the number of acres the tract was said to contain, the purchaser could not recover against the seller under the general warranty of the title, absent a warranty of the quantity contained in the tract, especially where there were no allegations made or proof shown of fraud or mistake. There can be no doubt that a grantor could obligate himself to warrant the quantity represented in his conveyance, but to do so such intention to warrant the quantity must be made in the instrument of conveyance.

In 12 Tex.Jur., p. 20, sec. 13, it is said: "A grantor may covenant that the land measures up to the quantity specified. When such is the case, the grantee may sue for the appropriate relief in the event of a breach. This covenant may be created only by proper words showing the intention to covenant as to quantity. Words of mere description in a deed constitute neither an

express nor implied covenant for quantity." The authorities cited in the footnote abundantly support the text.

Substantially the same rule as that above quoted may be found in 12 Tex.Jur., p. 70, sec. 46.

As pointed out above, plaintiff's suit is based solely upon the warranty of title and proof that the lot conveyed was short in foot frontage. There were no allegations nor proof that a fraud was perpetrated by defendants, nor that the deficit was the result of a mistake. The deed of conveyance is set out in full in the statement of facts and there is no warranty of quantity to be found in the instrument, nor does plaintiff claim that there was such a warranty, other than from the fact he thought he was buying a lot 80 ft. wide and that defendants thought they owned 80 ft. in the lot.

■ There are several points of assigned error, which, in the main, involve motion for judgment notwithstanding and procedural matters, which we deem unnecessary to discuss, since, as indicated, we conclude that plaintiff could not recover any damages in this case under his pleadings and the proof offered.

■ In plaintiff's brief there is a contention that irrespective of the nature of his petition the case was tried upon a theory involving mistake and misrepresentations by defendants and by the defendants requesting special issues on those points, Rule 67, Texas Rules of Civil Procedure, is applicable, thereby removing the necessity of specific pleadings on his part. We are not in accord with this contention in view of the fact that every effort made by plaintiff to prove those matters of fraud, misrepresentation and mistake, as well also all testimony offered as to values per front foot, were met with prompt objection upon the part of defendants, which objections were as often overruled by the court. We see no valid reason to assume that these issues were tried out "by express or implied consent of the parties," as provided by said Rule 67.

No useful purpose would be served to extend this discussion far enough to cover each and all of the contentions made by the respective parties.

For the reasons herein stated, the judgment of the trial court cannot stand and it is therefore reversed and judgment is entered for defendants.