Larry LOVILLE and Wife, Patricia
Loville, Appellants,

v.

Shadrick LOVILLE, Jr., and Wife,
Letha Loville, Appellees.

No. 09–95–283 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 23, 1997.

Decided May 15, 1997.

Rehearing Overruled July 10, 1997.

Gaylyn Leon Cooper, Bernsen, Jamail &
Goodson, Beaumont, for appellants.

Thomas J. Sibley, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS
and STOVER, JJ.

## OPINION

PER CURIAM.

Appellees sued appellants for breach of
contract, common law fraud, negligent mis-
representation, unjust enrichment, promisso-
ry estoppel, and intentional infliction of emo-
tional distress; all causes of action arose
from a dispute over the transfer of title to
certain real property. In a trial before the
bench, the trial court found in favor of appel-
lees. The trial court determined appellants
fraudulently induced appellees to execute a
General Warranty Deed with Assumption.
The trial court canceled and rescinded the
deed, returning the property to appellees as
owners in fee simple, granted actual damages

of $2,000 to appellees, and awarded appellees attorneys' fees of $3,000.

In their first point of error, appellants raise jurisdiction for the first time. Appellants claim the trial court did not have subject matter jurisdiction over this suit. It is well settled that lack of subject matter jurisdiction may be raised for the first time on appeal. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex.1993); *Gorman v. Life Ins. Co. of N.Am.*, 811 S.W.2d 542, 547 (Tex.), *cert. denied*, 502 U.S. 824, 112 S.Ct. 88, 116 L.Ed.2d 60 (1991).

The court below, County Court of Jefferson County at Law # 1, is a statutory county court as established by TEX. GOV'T CODE ANN. § 25.1251(1) (Vernon 1988). The jurisdiction of statutory county courts is set forth in TEX. GOV'T CODE ANN. § 25.0003 (Vernon 1988 & Supp 1997) providing:

(a) A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts.

. . .

(c) In addition to other jurisdiction provided by law, a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in:

(1) civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000. . . .

TEX. GOV'T CODE ANN. § 26.043 (Vernon 1988) states: "A county court does not have jurisdiction in . . . (8) a suit for the recovery of land."

The court below has jurisdiction over those original civil proceedings of which a county court has jurisdiction. Since a county court does not have jurisdiction over original civil proceedings for the recovery of land, neither does the court below. Appellees erroneously argue § 25.0003(c) provides concurrent jurisdiction with the district court regardless of the subject matter as long as the amount in controversy is satisfied. Appellees provide neither authority nor good reason for this court to completely ignore § 26.043 which clearly and specifically limits the subject matter jurisdiction of county courts regardless of the amount in controversy; limitations that are subsequently placed upon the statutory county courts by § 25.0003.

Appellees, in a supplemental brief, cite *Smith v. Armes*, 208 S.W.2d 409, 410 (Tex.Civ.App.—Fort Worth 1948, no writ), for the proposition "that even though title to real estate be involved, if it be a mere auxiliary or collateral matter incident to the primary cause of action, the district court would have no original jurisdiction, but any inferior court having jurisdiction of the amount in controversy would be the proper forum in which to litigate the issue." We do not quarrel with this principle, only its application in the present case. In *Smith*, the court found "trial of the title of property was not involved" and therefore the county court had jurisdiction. In the present case, appellees admit trial of the title of property is one of their causes of action. *Smith* is clearly distinguishable in that legal title was not involved in any cause of action asserted.

Appellees claim "[a] determination as to which of the parties held legal title to the property was merely incidental to each of Plaintiffs' [Appellees'] causes of action *except their cause of action seeking to have the purported deed rescinded and legal title quieted in Plaintiffs* [Appellees]." We disagree; the issue of legal title is the basis of each and every cause of action asserted by appellees against appellants. Legal title is therefore not incidental, merely auxiliary or collateral; it is the foundation of the entire lawsuit.

Appellees asked for, and received, rescission of the deed by which they conveyed the land to appellants and a declaration quieting title in them. This suit is clearly a suit for the recovery of land. Just as clearly, the court below does not have jurisdiction of suits for the recovery of land. Therefore, the court below was without subject matter jurisdiction of this case. We sustain appellants' first point of error, declare the judgment of the trial court is void, and dismiss on the ground the trial court lacked jurisdiction.

APPEAL DISMISSED.