# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00452-CV

**Jose Santana, Appellant**

**v.**

**Texas Workforce Commission and William McCrea, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,
### NO. 259750, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pro se appellant Jose Santana[1] appeals the denial of his plea to the jurisdiction, asserting that subsection 26.043(1) of the government code deprived the trial court of subject-matter jurisdiction in his suit for defamation against his employer, appellee Texas Workforce Commission, and his supervisor, appellee William McCrea. *See* Tex. Gov't Code Ann. § 26.043(1) (West 2004). We conclude that the civil jurisdiction of the statutory county courts at law in Travis County is concurrent with that of the Travis County district courts, *see id*. §§ 25.0001, .2292(a) (West 2004), and we affirm the trial court's order denying the plea to the jurisdiction.

---

[1] Santana's counsel withdrew on April 22, 2004, but Santana proceeded to trial on March 29, 2005, pro se.

**BACKGROUND**

The question of the trial court's jurisdiction in suits for defamation is the sole issue before us. Because the merits of this appeal are not affected by the facts of the underlying suit, our discussion of the facts is brief. *Cf. Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (concluding that predicate facts implicated merits of case and jurisdictional issue).

Santana sued his employer, the Texas Workforce Commission, and his supervisor, William McCrea, for defamation. The case proceeded to trial before a jury. The trial court granted a motion for directed verdict in favor of the Commission based on sovereign immunity and dismissed Santana's claims for lack of jurisdiction. Santana's remaining claim against McCrea in his individual capacity and the question of McCrea's official immunity were submitted to the jury, which found unanimously that McCrea did not defame Santana and that McCrea was entitled to official immunity. The trial court entered a final judgment that Santana take nothing based on the jury's verdict. After the court signed the final judgment, Santana filed a plea to the jurisdiction arguing that subsection 26.043(1) of the government code deprived the trial court of subject-matter jurisdiction. The trial court denied the plea. This appeal followed.

**DISCUSSION**

In his sole point of error, Santana argues that the trial court erred in denying his plea to the jurisdiction because the government code deprived the court of jurisdiction in his suit for defamation. *See* Tex. Gov't Code Ann. § 26.043(1). A plea that challenges the trial court's subject-matter jurisdiction presents a question of law that we review de novo. *Westbrook v. Penley*,

No. 04-0838, 2007 Tex. LEXIS 599, at *8-9 (Tex. June 29, 2007) (citing *Miranda*, 133 S.W.3d at 226).

The jurisdiction of Texas courts is conferred solely by the Texas Constitution and state statutes. *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996). Pursuant to the Texas Constitution, the judicial power of the State is "vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law." Tex. Const. art. V, § 1. The Texas Constitution also authorizes the legislature to "establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and [to] conform the jurisdiction of the district and other inferior courts thereto." *Id.*; *see id.* § 15 ("There shall be established in each county in this State a County Court . . . ."). Texas courts that are enumerated in the constitution are referred to as "constitutional courts," while courts that are established pursuant to the legislature's power to create "other courts" are referred to as "legislative" or "statutory" courts. 1 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 3:3 (2d ed. 2004); *see also* Tex. Gov't Code Ann. § 21.009 (1), (2) (West 2004).

The Travis County Court at Law No. 2 is a statutory county court, *see* Tex. Gov't Code Ann. § 25.2291(2) (West 2004), whose jurisdiction is prescribed by sections 25.0003 and 25.2292 of the government code. *See id.* § 25.0003 (West Supp. 2006), § 25.2292. Section 25.0003 contains the general grant of jurisdiction to all statutory county courts, and section 25.2292 contains the specific grant of jurisdiction to statutory county courts in Travis County. The general grant of jurisdiction in section 25.0003 provides, in part, that statutory county courts have concurrent jurisdiction (1) with constitutional county courts, and (2) with district courts in civil cases in which

the amount in controversy is between $500 and $100,000. *Id*. § 25.0003(a), (c)(1). The specific grant of jurisdiction in section 25.2292 expands the jurisdiction of the county courts at law in Travis County. *Id*. § 25.2292(a). It states that "[i]n addition to the jurisdiction conferred generally by section 25.0003 and other law," a Travis County court at law has concurrent jurisdiction in civil cases with the district court. *Id*. It also increases the maximum amount in controversy for those cases to $250,000. *Id*. Thus, under section 25.2292—the specific provision of the government code applicable to Travis County—statutory county courts at law have concurrent jurisdiction with district courts in civil cases in which the amount in controversy is between $500 and $250,000. *See id*. The parties do not dispute that Santana's suit satisfied the amount in controversy requirement, nor do they dispute that district courts have subject-matter jurisdiction in suits for defamation. *See* Tex. Const. art. V, § 8 (granting district courts "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies," unless exclusive, appellate, or original jurisdiction is conferred by constitution or other law on some other court, tribunal, or administrative body).

Santana's argument attempts to minimize the significance of section 25.2292 by linking two different provisions of the government code that are not county-specific: subsections 25.0003(a) and 26.043(1). Subsection 25.0003(a) states that statutory county courts have concurrent jurisdiction with constitutional county courts. *See* Tex. Gov't Code Ann. § 25.003(a). Section 26.043(1) states that constitutional county courts do not have jurisdiction in suits "to recover damages for slander or defamation of character." *Id*. § 26.043 (prohibiting constitutional county courts from exercising jurisdiction in eight types of civil suits). Combining these statutes, Santana argues that because the trial court has concurrent jurisdiction with constitutional county courts and

4

because constitutional county courts are not empowered to hear defamation suits, the trial court lacked jurisdiction in his suit for defamation.

We disagree with Santana's argument. A county court lacks jurisdiction in the eight types of civil suits that are listed in section 26.043 of the government code. *Id*. "County court" is defined in the government code as "the" court created in each county pursuant to the Texas Constitution's article V, section 15. *Id*. § 21.009(1); *see* Tex. Const. art. V, § 15. By contrast, statutory county courts—such as Travis County courts at law—are defined in the government code as courts created by the legislature pursuant to its power under the Texas Constitution's article V, section 1. Tex. Gov't Code Ann. § 21.009(2); *see* Tex. Const. art. V, § 1. Nothing in section 26.043 of the government code refers to the county courts at law that possess civil jurisdiction concurrent with the district courts. Santana observes correctly that the legislature has enacted specific provisions clarifying the jurisdiction of some county courts at law in defamation suits. *See* Tex. Gov't Code Ann. § 25.1032(c)(2) (West 2004) (pertaining to Harris County), § 25.2222(b)(6) (West Supp. 2006) (pertaining to Tarrant County). However, the plain language of section 26.043 does not apply to statutory county courts at law; section 26.043 restricts only the matters that may be heard in the constitutional "county court." *See id*. §§ 21.009(1) (defining "county court"), (2) (defining "statutory county court"), 26.043 (restricting subject-matter jurisdiction of "county court"); *see also Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 447 (Tex. 1996) (discussing jurisdictional conflict between county court at law and district court in context of labor code section 451.003 and concluding that to extent statutory courts shared concurrent jurisdiction

with district courts, nothing in plain meaning of that statute limited or excluded that concurrent jurisdiction).

Santana's argument is also unpersuasive because it ignores subsection 25.0001(a) of the government code. *See* Tex. Gov't Code Ann. § 25.0001(a). Speaking directly to conflicts concerning the jurisdiction of statutory county courts, section 25.0001 states that if a general provision "conflicts with a specific provision for a particular court or county, the specific provision controls." *Id.*; *see also id.* § 311.026 (West 2005) (stating similar rule in Code Construction Act). Santana's issue presents such a conflict. Subsection 26.043(1) is a general provision that restricts the jurisdiction of the constitutional county court in every county in Texas. *Id.* § 26.043. Under Santana's interpretation, subsection 26.043(1) conflicts with subsection 25.2292(a), the specific provision that expands the jurisdiction of a statutory county court at law in Travis County. *See id.* § 25.2292. Thus, the specific provision that applies only to Travis County controls. *See id.* § 25.0001(a).

Santana relies on *Loville v. Loville*, 944 S.W.2d 818 (Tex. App.—Beaumont 1997, writ denied), in support of his argument that section 26.043 confined the trial court's jurisdiction to that of the constitutional county courts. His reliance on *Loville* is misplaced. In *Loville*, the Beaumont Court of Appeals held that a county court at law of Jefferson County lacked jurisdiction over the Lovilles' suit seeking the recovery of land because section 26.043 of the government code limited the jurisdiction of the statutory county court at law of Jefferson County to that of the constitutional county court. *Id.* at 819 (citing Tex. Gov't Code Ann. § 26.043(8) (stating that "county court does not have jurisdiction in . . . (8) a suit for the recovery of land")). But

unlike Travis County, Jefferson County did not have a specific provision in the government code granting its statutory county courts at law concurrent jurisdiction with its district courts. *Compare* Tex. Gov't Code Ann. §§ 25.1252 (West 2004) (pertaining to Jefferson County), *with id.* .2292(a) (pertaining to Travis County).

The Dallas Court of Appeals construed a specific provision of the government code pertaining to the Dallas county courts at law in *Schuld v. Dembrinski*, 12 S.W.3d 485, 489 (Tex. App.—Dallas 2000, no pet.) (construing Tex. Gov't Code Ann. § 25.0592(a) (West 2004)). The provision at issue in *Schuld* applies to Dallas County courts at law specifically, and with the exception of the amount-in-controversy requirement, mirrors the expanded grant of jurisdiction to courts at law in Travis County. *See id*. §§ 25.0592(a), .2292(a). It states that "[i]n addition to the jurisdiction provided by Section 25.0003 and other law, a county court at law in Dallas County has concurrent jurisdiction with the district court in civil cases . . . ." Tex. Gov't Code Ann. § 25.0592(a). After deciding that the statutory probate court did not have exclusive jurisdiction over the subject matter of Schuld's suit, the Dallas court of appeals concluded, "[B]ecause the district court has jurisdiction over partition suits, and because the Dallas County courts at law have concurrent jurisdiction with the district courts in civil matters regardless of the amount in controversy, we conclude the county court at law has jurisdiction over this partition suit." *Schuld*, 12 S.W.3d at 489.

Similarly, by virtue of the controlling, specific grant of jurisdiction in subsection 25.2292(a), the statutory county courts at law in Travis County have concurrent jurisdiction in civil cases with the district courts. Travis County district courts have jurisdiction in suits for

7

defamation, and the Travis County courts at law share that jurisdiction in civil suits that have an amount in controversy between $500 and $250,000. Accordingly, we conclude that the Travis County court at law had subject-matter jurisdiction in Santana's suit for defamation. We overrule Santana's sole issue.

## CONCLUSION

Having overruled Santana's sole issue, we affirm the trial court's order denying the plea to the jurisdiction.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   August 16, 2007

8