NO. 07-09-00191-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JUNE
23, 2011

 



 

IN THE MATTER OF THE MARRIAGE OF VICKI SKARDA AND GREGORY WAYNE SKARDA



 



 

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

 

NO. 2008-544,204; HONORABLE JUDY C. PARKER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

OPINION

 

In this appeal from a divorce
proceeding, appellant Gregory Skarda challenges the
trial court=s characterization of a tract of real
property as one-half his separate property and one-half the separate property
of appellee Vicki Skarda.[1]  We will affirm.

Background

In June 2003, Gregory purchased real
property located at 7913 FM 1264 in Lubbock County.  Payment was by promissory note secured by a
vendor=s lien and deed of trust.

Gregory and Vicki married in May
2004.  They occupied a house on the FM
1264 property.  On January 17, 2006,
Gregory obtained refinancing of the FM 1264 property.  In connection with the refinancing, on that
date he and Vicki signed a warranty deed conveying the FM 1264 property to
Gregory and Vicki as Ajoint tenants with right of
survivorship.@[2] 
A deed of trust executed the same date identified Gregory and Vicki
jointly as Aborrower.@

Vicki filed for divorce in July 2008,
and the case was assigned to County Court at Law No. 3 of Lubbock County.  No children were born to the marriage and
their dispute on divorce concerned division of their marital estate.  Following a bench trial, a decree of divorce
was rendered which included the following finding concerning the FM 1264
property:

The court finds that [Gregory] owned the real property located at 7913 FM
1264 . . . before marriage.  After marriage [Gregory and Vicki] refinanced that property.
During the refinancing process [Gregory] executed a deed transferring, by gift,
a one-half interest to [Gregory] and a one-half separate property interest to
[Vicki].

No separate findings of fact and
conclusions of law were requested.[3]  This appeal followed. 

Issues

Through three issues, Gregory challenges
the decree=s finding concerning the FM 1264
property.  First, he assails the
subject-matter jurisdiction of the trial court. 
Second, he argues the finding of joint ownership of the FM 1264 property
was in derogation of a Rule 11 agreement between him and Vicki.  Finally, he challenges the factual
sufficiency of the evidence supporting the finding that Gregory gifted a
one-half interest in the FM 1264 property to Vicki.

Analysis

In his first issue, Gregory asserts
the trial court lacked subject-matter jurisdiction to characterize his separate
real property as the joint property of the parties.  His jurisdictional challenge is founded on
Government Code ' 26.043(8), which provides that in
civil matters a county court lacks jurisdiction in a suit for recovery of
land.  Tex. Gov=t Code Ann. ' 26.043(8) (West 2004).

Whether a trial court possesses
subject-matter jurisdiction is a question of law we review de novo.  Texas Natural Res.
Conservation Comm=n
v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).  In Title 2 of the Government Code, regarding
the judicial branch of our state government, the phrase Acounty court@ means the court created in each
county by Article V, Section 15 of the Texas Constitution.  Tex. Gov=t Code Ann. ' 21.009(1) (West 2004); Tex. Const.
art. V, ' 15.  Because it is a court enumerated in the Texas
Constitution, such a court often is referred to as the Aconstitutional county court.@ 
See Tex. Gov’t
Code Ann., ch. 26 (West 2004 & Supp. 2010)
(entitled Constitutional County Courts); Santana v. Tex. Workforce Comm=n, No. 03-05-0452-CV, 2007 Tex. App. Lexis 6561, at *4 (Tex.App.--Austin Aug. 16, 2007, pet. denied) (mem. op.) (citing 1 Roy W. McDonald & Elaine A. Grafton Carlson,
Texas Civil Practice ' 3:3 (2d ed. 2004)).  Conversely, a Astatutory county court,@ such as Lubbock County Court at Law No. 3, is a county court
created by the Legislature under Article V, Section 1, of the Texas
Constitution.  See Santana, 2007 Tex. App. Lexis 6561 at *7; Tex.
Gov=t Code Ann. ' 21.009(2) (West 2004); Tex. Gov=t Code Ann. ' 25.1541(a)(3)
(West 2004) (providing that County Court at Law No. 3 of Lubbock County is a
statutory county court).  

The general grant of jurisdiction of
a statutory county court includes concurrent jurisdiction with constitutional
county courts and district courts in civil cases with an amount in controversy
between $500 and $100,000.  Tex. Gov=t Code Ann. ' 25.0003(a),(c)(1)
(West Supp. 2010).  Additionally, in
family law cases and proceedings the Legislature has specifically granted the
county courts at law of Lubbock County concurrent jurisdiction with the
district court.  Tex. Gov=t Code Ann. ' 25.1542 (West 2004).  In Government Code Chapter 25 (Statutory
County Courts) the phrase Afamily law cases and proceedings@ incorporates suits for divorce
“including the adjustment of property rightsA and “every other matter incident to divorce . . .
proceedings.@ 
Tex. Gov=t Code Ann. ' 25.0002 (West 2004). 

Gregory cites Loville
v. Loville as supporting his argument.  944 S.W.2d 818 (Tex.App.--Beaumont 1997, writ denied) (per curiam). 
There, the appellate court dismissed the appeal from a Jefferson County
court at law, finding the underlying suit was for recovery of land.  Id. at 819.  Looking to Government Code ' 25.0003(a) and (c)(1),
the court found the county court at law was vested with the same jurisdiction
as the constitutional county court in original civil proceedings.  Id. 
The court found that since the constitutional county court lacked
jurisdiction of a suit for recovery of land because of the restriction of §
26.043(8), the statutory county court also lacked such jurisdiction.  Id.

Government Code ' 26.043 is part of Government Code
Chapter 26 (Constitutional County Courts). 
It contains no reference to statutory county courts, and by its plain
language thus affects the jurisdiction only of constitutional county
courts.  In Loville, as noted, the court
found § 26.043 applicable to the statutory county court only by virtue of the provisions
of § 25.0003(a) granting those courts the jurisdiction prescribed by law for
constitutional county courts.  944 S.W.2d at 819.[4]  

In Santana, the Austin court pointed out that the jurisdiction given
statutory county courts in Travis County exceeded that given similar courts in
Jefferson County, so the logic employed in Loville did not apply to restrain
the jurisdiction of the Travis County court. 
Santana, 2007 Tex. App. Lexis
6561, at *9; see Tex. Gov=t Code Ann. ' 25.1252 & statutory history (West
2004) (Jefferson County court at law provisions).  For the same reason, Loville is inapposite here.  The Legislature has given the county courts
at law of Lubbock County concurrent jurisdiction with the district courts in
family law cases and proceedings. 
Resolution of disputed characterizations of property held by the parties
on divorce is a matter incident to divorce.[5]  The trial court did not lack subject-matter
jurisdiction.  See generally Dubai
Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex.
2000) (“jurisdiction” refers to authority of a court to adjudicate the type of
controversy involved in the action).

Gregory’s first issue is overruled.

In his second issue, Gregory urges
the trial court abused its discretion by ignoring the parties= Rule 11 agreement concerning the FM
1264 property.  See Tex. R. Civ.
P. 11.

The community estate of the parties
was divided through a contested hearing. 
The only Rule 11 agreement we find in the record is in the clerk=s record.  Neither side placed it in evidence at the
hearing.  AA trial judge is presumed to consider only the testimony and
exhibits properly in evidence.  When
reviewing the merits of the trial court=s decision, we are limited to considering the material that
was before the trial court at the time that it ruled.@ 
Barnard v. Barnard, 133 S.W.3d 782, 789 (Tex.App.--Fort
Worth 2004, pet. denied) (citations omitted). 


But even had the agreement been in
evidence, the trial court could not have abused its discretion by failing to
take its terms into account in characterizing and dividing the parties= marital estate.  We construe a Rule 11 agreement according to
the rules for construction of contracts. 
Dallas County v. Rischon
Development Corp., 242 S.W.3d 90, 93 (Tex.App.--Dallas
2007, pet. denied).  In so doing,
we look to the plain meaning of the words used to determine the extent of the
parties’ agreement.  Cross
Timbers Oil Co. v. Exxon Corp., 22 S.W.3d 24, 26 (Tex.App.--Amarillo
2000, no pet.).

The agreement is expressly
conditioned on the trial court finding the FM 1264 property was not included in
the parties’ community estate.  On that
happening, the agreement specifies that Vicki will sign a Acorrection deed stating that such
real property is the sole and separate property of [Gregory].@ 
The Rule 11 agreement does not purport to be a stipulation to a
particular characterization of the property, nor does it limit or constrain the
trial court in its task of resolving the parties’ dispute over its
characterization. Regardless whether the trial court’s characterization
required some action by the parties under the Rule 11 agreement, a matter not
presented and on which we express no opinion, the agreement does not
demonstrate an abuse of discretion by the trial court in its characterization.  Gregory=s second issue is overruled.

By his third issue, Gregory asserts
the evidence was factually insufficient to support the trial court=s finding that Gregory gifted a
one-half interest in the FM 1264 property to Vicki. 

In a decree of divorce, a trial court must
“order a division of the estate of the parties in a manner that the court deems
just and right.”  Tex.
Fam. Code Ann. § 7.001 (West 2006). 
Only the community property of the parties is subject to division.  Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985).  To determine whether the trial court erred in characterizing
property, we apply an abuse of discretion standard.  Raymond v. Raymond, 190 S.W.3d 77, 80 (Tex.App.--Houston
[1st Dist.] 2005, no pet.). 
Gregory challenges the factual sufficiency of the evidence supporting
the finding of gift.  But under the abuse
of discretion standard we employ, the legal and factual sufficiency of the
evidence are not independent grounds of error, but relevant factors for
determining whether the trial court abused its discretion.  Zieba v. Martin, 928 S.W.2d 782, 786 (Tex.App.--Houston
[14th Dist.] 1996, no writ); Crawford v. Hope, 898 S.W.2d 937, 940-41 (Tex.App.--Amarillo 1995, writ denied).  If an abuse of discretion is shown, we then
consider whether the error was harmless. 
See Tex. R. App. P. 44.1(a).

It is
presumed that property possessed by spouses on the dissolution of marriage is
community property.  Tex.
Fam. Code Ann. ' 3.003(a) (West 2006).  But the presumption is overcome by clear and
convincing evidence that the asset is the separate property of a spouse.  Id. at ' 3.003(b).  Property a spouse owns before marriage or
acquires during marriage by gift is separate property.  Tex. Const. art. XVI, ' 16; Tex. Fam. Code Ann. '
3.001(2) (West 2006).  The
separate or community character of property is determined by the inception of
title to the property.  Jensen v. Jensen, 665 S.W.2d 107, 109 (Tex. 1984). 

A deed
for property from one spouse as grantor to the other spouse as grantee creates
a rebuttable presumption that the grantee spouse received the property as
separate property by gift.  Magness v. Magness, 241
S.W.3d 910, 913 (Tex.App.--Dallas 2007, pet. denied)
(citing Raymond, 190
S.W.3d at 81; Dyer v. Dyer, 616 S.W.2d 663, 665 (Tex.Civ.App.--Corpus
Christi 1981, writ dism=d w.o.j.).  A gift is a transfer of property made
voluntarily and gratuitously, without consideration.  Ellebracht v. Ellebracht, 735 S.W.2d 658,
662 (Tex.App.--Austin 1987, no writ).  The existence of a gift requires sufficient
proof of: (1) intent to make a gift; (2) delivery of the property; and (3)
acceptance of the property.  Hayes v. Rinehart, 65 S.W.3d 286, 289 (Tex.App.--Eastland
2001, no pet.); In re Estate of Hamill, 866
S.W.2d 339, 344 (Tex.App.--Amarillo 1993, no writ).  The intent of the donor is the principal
issue in determining whether a gift was made. 
Hayes, 65 S.W.3d at 289.  

“[Joint] tenants have one and the same
interest, accruing by one and the same conveyance, commencing at one and the
same time, and held by one and the same undivided possession.  Neither can be exclusively seised of any particular part of the property, and is
cotenant of the other; but each has an undivided moiety of the whole, and not
the whole of an undivided moiety.”  Calvert v. Wallrath,
457 S.W.2d 376, 377-378 (Tex. 1970) (quoting In re Tilley’s Estate, 166 App. Div. 240, 151 N.Y.S. 79, 80-81
(1915), aff’d 215 N.Y. 702, 109 N.E. 1094 (1915)).  “[J]oint tenancy is
a form of separate property ownership and is wholly incompatible with community
property concepts.”  Holmes v. Beatty, 290 S.W.3d 852, 859 (Tex. 2009) (quoting W. Reed Quilliam, Jr., A
Requiem for Hilley: Is Survivorship Community
Property a Solution Worse than the Problem?, 21 Tex. Tech L. Rev. 1153, 1167
(1990)).  

AWhether property given by one spouse
to the other is a gift and the recipient=s separate property is a fact-intensive decision.@ 
Hardy v. Hardy, No. 03-02-0780-CV, 2003 Tex.
App. Lexis 5106, at *11 (Tex.App.--Austin June 19,
2003, no pet.) (mem.
op.).  A trial court, sitting as trier of fact, is the sole judge of the credibility of the
witnesses and the weight assigned their testimony.  Hatteberg v. Hatteberg, 933 S.W.2d 522, 530
(Tex.App.--Houston [1st Dist.] 1994, no writ).  As such, the trial court may consider all the
facts and surrounding circumstances in connection with the testimony of each
witness and accept or reject all or any part of that testimony.  Id.   

Here, trial began with the
presumption that the FM 1264 property was community property.  Without dispute from Vicki, inception of
title in Gregory before marriage was established.  The January 17 deed created a joint tenancy
in the FM 1264 property in Gregory and Vicki. 
Otherwise, evidence of characterization was meager.  Gregory testified he intended only to
refinance the property and not give a half interest to Vicki.  Vicki agreed she received a one-half interest
in the property by gift Aor otherwise@ but also agreed the property was
community in which she owned a one-half interest by deed.  There was no evidence the January 17
deed was procured by fraud, accident, or mistake.  By its nature, the joint tenancy created in
Vicki by the January 17 deed was her separate property.  On this record, we are unable to say
the trial court abused its discretion in finding Vicki received a one-half
interest in the FM 1264 property by gift. 
See Magness, 241 S.W.3d at 913 (reaching same conclusion on
similar facts).  Gregory=s third issue is overruled.

 

 

Conclusion 

Having overruled each of Gregory=s issues, we affirm the judgment of
the trial court.

 

James T. Campbell

Justice

 











[1] For simplicity, we will refer to the
parties by their given names.  While not
material to the merits of this appeal, the decree granted Vicki=s request for name change.     





[2] The deed’s granting clause
identified the grantor as “Gregory Skarda, a married
man and joined by his spouse Vicki Skarda,” and its
grantee as “Gregory Skarda and Vicki Skarda, husband and wife as joint tenants with right of
survivorship.”





[3] On the request of a party, a trial
court rendering a decree of divorce dividing the marital estate shall make
findings of fact and conclusions of law. 
The findings and conclusions must characterize and value each asset and
liability on which disputed evidence was presented.  Tex. Fam. Code Ann. '
6.711 (West 2006).





[4] See Merit Mgmt. Partners I, L.P. v.
Noelke, 266 S.W.3d 637,
643 (Tex.App.--Austin 2008, no pet.) (applying same logic to jurisdiction of statutory county
court in Tom Green County).





[5] In
a decree of divorce, a trial court must “order a division of the estate of the
parties in a manner that the court deems just and right.”  Tex. Fam. Code Ann. § 7.001
(West 2006).  Inherent in this
process is the characterization of each party’s assets.  See
Tex. Fam. Code Ann. § 6.711(a)(1) (West 2006) (in suit for divorce where court
has divided marital estate of parties, on request court shall make written
findings of fact and conclusions of law concerning inter alia the characterization of each party’s assets);  Boyd v.
Boyd, 131 S.W.3d 605, 617 (Tex.App.--Fort Worth
2004, no pet.) (if mischaracterization of property is
to degree affecting just and right division of community estate appellate court
must remand for just and right division based on correct characterization).