In The



Court of Appeals


 

Ninth District of Texas at Beaumont



____________________



NO. 09-07-00535-CV


____________________



PEGGY BALLARD WILLIAMS, Appellant



V.



MELVIN L. KAUFMAN, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CV 72308






 OPINION


 This is an appeal following a bench trial in which the trial court entered a judgment
cancelling a deed. Under the deed, dated March 8, 2006, the grantor conveyed two lots and
the improvements located thereon to the grantee in return for "Ten and No/100 Dollars
($10.00), and other good and valuable consideration." The judgment declared the deed to
be void and set it aside for all purposes.

 Melvin L. Kaufman, the grantor, sued Peggy Ballard Williams, the grantee, and
alleged she fraudulently procured the deed by falsely promising that she would take care of
him for the rest of his life. According to Kaufman, Williams knowingly made this promise
with no intent to perform it. Although the deed also stated that the property was sold for the
additional consideration of ten dollars, Kaufman further alleged that Williams never paid that
amount.

 The trial court found in Kaufman's favor, but did not enter findings of fact or
conclusions of law. In three issues, Williams challenges the sufficiency of the evidence
supporting the trial court's decision to cancel the deed, argues that she cannot properly appeal
because of the trial court's failure to file findings of fact and conclusions of law, and asserts
that tape recordings offered during a hearing on her motion for new trial established that
Kaufman had not been candid with the court when he testified. We overrule Williams's
issues and affirm the judgment.

Issue One


 In her first issue, Williams argues that Kaufman's testimony that she promised to
"take care of [him] the rest of [his] life" is not credible. Of the seven testifying witnesses,
only Williams and Kaufman testified about the alleged promise.

 At the time Kaufman signed the deed, he was eighty-seven years of age. The evidence
showed that Kaufman and his wife had resided in a house located on the property for nearly
forty years prior to his wife's death in May 2005. Kaufman's wife, "Aunt Elsie," was
Williams's great aunt. Williams assisted Kaufman in caring for Aunt Elsie several years
before her death. According to Kaufman, the deed's "other consideration" was Williams's
promise that she would take care of him for the rest of his life and that she would not put him
in a nursing home if he signed the deed.

 Kaufman testified that after he signed the deed, Williams did not take care of him. 
Upon his return from a trip to see his brother in Indiana - taken shortly after signing the deed
- Williams had changed the locks on the house and on the detached garage apartment. 
Kaufman further testified that Williams had also locked him out of a shed containing his
tools and cut off the water supply to the detached garage apartment where he lived after his
wife's death. Kaufman further explained that Williams never paid any other consideration
in return for his agreement to deed the property to her.

 Williams disputed Kaufman's testimony concerning her alleged promise to care for
Kaufman. According to Williams, Kaufman placed the property on the market after Aunt
Elsie's death but could not sell it. Kaufman then decided to move to Indiana and told her he
was giving her the house. On March 8, 2006, the two of them went to an attorney's office
where Kaufman signed the deed. Nine days later, on March 17, 2006, Kaufman executed a
durable power of attorney that appointed Williams as his attorney-in-fact. According to
Williams, Kaufman told her that he was moving to Indiana and never coming back. 
However, seven or eight days later, Kaufman returned. It was at that point, Williams
testified, "when he started all this." Williams specifically stated that she never promised to
care for Kaufman in return for the deed. She also testified that she did not pay Kaufman
anything for the property; instead, she paid the attorney's charges for drawing up the deed
and power of attorney.

 None of the other witnesses that testified at trial claimed to have any personal
knowledge about Williams's alleged promise to care for Kaufman in exchange for the deed. 
Specifically, the attorney who prepared the deed and power-of-attorney had no recollection
of whether Williams promised that she would take care of Kaufman in the future but the
attorney did recall that Williams had been taking care of Kaufman.

 Evidence is legally sufficient if it "would enable reasonable and fair-minded people
to reach the verdict under review." City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex.
2005). In evaluating the evidence's legal sufficiency, "we credit evidence that supports the
verdict if reasonable [factfinders] could, and disregard contrary evidence unless reasonable
[factfinders] could not." Kroger Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 793 (Tex.
2006) (citing City of Keller, 168 S.W.3d at 827). In a factual sufficiency review, we consider
all of the evidence and uphold findings by the factfinder unless the evidence is too weak to
support them or the findings are so against the overwhelming weight of the evidence as to
be manifestly unjust. Dow Chemical Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). The
trial court, as factfinder, determines the credibility of the witnesses and the weight to be
given their testimony. Woods v. Woods, 193 S.W.3d 720, 726 (Tex. App.-Beaumont 2006,
pet. denied); see also City of Keller, 168 S.W.3d at 819. The trial court may believe one
witness and disbelieve others and may resolve any inconsistencies in a witness's testimony. 
McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). 

 The district court did not issue any findings of fact or conclusions of law regarding
its judgment; thus, we must imply all necessary facts to support the trial court's ruling if the
evidence supports the implied facts. See BMC Software Belgium, N.V. v. Marchand, 83
S.W.3d 789, 795 (Tex. 2002). However, if "the appellate record includes the reporter's and
clerk's records, these implied findings are not conclusive and may be challenged for legal
and factual sufficiency in the appropriate appellate court." Id. If no findings of fact or
conclusions of law are filed, the appellate court must affirm the trial court's judgment if it
can be upheld on any legal theory finding support in the evidence. Point Lookout West, Inc.
v. Whorton, 742 S.W.2d 277, 278 (Tex. 1987).

 In its judgment, the trial court found that "Melvin L. Kaufman is entitled to recover
from Peggy Ballard Williams according to allegations contained in and set forth in Plaintiff's
Original Petition to Cancel Deed." Kaufman's petition alleges that "Williams committed
fraud when she made such promises." Fraud requires proof of: (1) a material
misrepresentation; (2) that was false; (3) made by the speaker as a positive assertion, with
knowledge that it was false or recklessly made without any knowledge of the truth; (4) made
by the speaker with the intent that the other party act upon it; (5) the party acted in reliance
on the representation; and (6) the party thereby suffered injury. In re FirstMerit Bank, N.A.,
52 S.W.3d 749, 758 (Tex. 2001). Williams's argument in her first issue concerns whether
Kaufman presented legally and factually sufficient evidence that she made a false
representation.

 In this case, Kaufman was the sole witness who testified about Williams's alleged
promise to care for him in the future. Even though we, as an appellate court, might not have
reached the same conclusion as that reached by the trial court, the trial court, acting as the
factfinder, believed Kaufman's testimony about Williams's alleged promise to care for him
and rejected Williams's testimony to the contrary. Southern States Transp., Inc. v. State, 774
S.W.2d 639, 640 (Tex. 1989) ("The court of appeals was not, of course, authorized simply
to substitute its assessment of the evidence in this case for that of the district court.").

 Based on the testimony before it, the trial court's conclusion finds support in the
evidence. Williams had apparently assisted Kaufman with several matters that arose
following his wife's death, and Williams had cooked for him before he left for Indiana. The
fact that Kaufman signed a power-of-attorney is circumstantial evidence consistent with the
conclusion that Williams and Kaufman anticipated having an ongoing relationship after he
departed for Indiana. Although none of the witnesses except Williams and Kaufman claimed
to have any knowledge of the promise Williams allegedly made to Kaufman, we are not
aware of any cases holding that corroboration of a promise is required in order for a court to
find a witness's testimony about the promise credible. The testimony of a party to a suit is
competent to raise an issue of fact. Bishop v. Bishop, 359 S.W.2d 869, 871 (Tex. 1962)
("Petitioner's testimony is as competent to raise an issue of fact as the same evidence coming
from a disinterested witness."). Moreover, the trial court was free to reject Williams's claim
that Kaufman gave the property to her since the language in the deed is inconsistent with her
claim that she received the property as a gift. Specifically, the attorney who prepared the
deed admitted that a gift deed is normally used when property is given to a grantee; however,
he could not recall why he did not utilize a gift deed in this case. "In determining whether
a gift was intended by the execution of a deed, we must look to the facts and circumstances
surrounding its execution in addition to the recitation in the deed itself." Panhandle Baptist
Found., Inc. v. Clodfelter, 54 S.W.3d 66, 72 (Tex. App.-Amarillo 2001, no pet.) (citing Haile
v. Holtzclaw, 414 S.W.2d 916, 927 (Tex. 1967)). When there is conflicting evidence, it is the
province of the trier of fact to resolve such conflicts. City of Keller, 168 S.W.3d at 820. 

 Williams also acknowledged that she never paid the ten dollars consideration recited
in the deed. The intent not to perform a promise at the time it is made may be shown by
circumstantial evidence including a party's subsequent conduct with respect to refusing to
carry out the alleged promise. Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434-35
(Tex. 1986); Chicago, T. & M.C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 473-74
(1892). Therefore, the evidence that Williams never paid the cash consideration recited in
the deed, and Kaufman's testimony itself, support the trial court's implicit finding that at the
time Kaufman executed the deed, Williams never intended to perform the promises that the
trial court found she had made. We find the evidence of Williams's alleged promise to take
care of Kaufman factually and legally sufficient to support Kaufman's claim that Williams's
promise was false.

 Cancellation of a deed is a proper remedy when promises are fraudulently made with
no intention of carrying them out at the time of the deed's execution. Anderson v. Anderson,
620 S.W.2d 815, 818 (Tex. Civ. App.-Tyler 1981, no writ). Having considered all the
evidence in this case, we conclude that it is legally and factually sufficient to support the trial
court's judgment. Williams does not argue that the evidence is insufficient with respect to
any of the other elements necessary to support the implied finding of fraud. We overrule
Williams's first issue. 

Issue Two


 In issue two, Williams complains that the trial court erred in failing to enter findings
of fact and conclusions of law. The Texas Rules of Civil Procedure outline the process that
a party must follow in order to obtain findings of fact and conclusions of law from the trial
court. Rule 296 of the Texas Rules of Civil Procedure states:

 In any case tried in the district or county court without a jury, any party may
request the court to state in writing its findings of fact and conclusions of law. 
Such request shall be entitled "Request for Findings of Fact and Conclusions
of Law" and shall be filed within twenty days after judgment is signed with the
clerk of the court, who shall immediately call such request to the attention of
the judge who tried the case. . . . 

 

This rule clearly states that a request for findings of fact and conclusions of law must be filed
with the clerk of the court within twenty days after judgment is signed. Rule 297 of the
Texas Rules of Civil Procedure states that "[t]he court shall file its findings of fact and
conclusions of law within twenty days after a timely request is filed. . . ."

 The trial court signed its final judgment on August 1, 2007, and the district clerk filed
it on the same date. The request for findings of fact and conclusions of law was not filed
until August 30, 2007. For Williams's original request to have been timely, the Texas Rules
of Procedure required it to be filed on or before August 21, 2007. Tex. R. Civ. P. 296. 
Because Williams made her request for findings nine days after the deadline, the trial court
was not required to comply with Williams's request to file findings of fact and conclusions
of law. Beck v. Walker, 154 S.W.3d 895, 902 (Tex. App.-Dallas 2005, no pet.) (stating that
a request for findings of fact and conclusions of law filed twenty-five days after the trial
court signed the judgment was "untimely"). We, therefore, overrule Williams's second issue. 



Issue Three


 In issue three, Williams argues that evidence presented during her motion for new trial
shows that Kaufman's trial testimony was not credible. At the hearing, Williams sought to
have the trial court consider nine tapes of recorded conversations that involved Kaufman and
Williams. Williams testified that she did not reveal the existence of these tapes at trial
because she did not think she would need them. During the hearing, the trial court sustained
an objection to testimony about the tapes because their existence was not newly discovered. 

 "Generally speaking, a party may not present any additional evidence upon a motion
for new trial, where that evidence is not newly discovered." Risner v. McDonald's Corp.,
18 S.W.3d 903, 909 (Tex. App.-Beaumont 2000, pet. denied). A trial court's ruling on a
motion for new trial based on newly discovered evidence is reviewed on appeal under an
abuse of discretion standard. Wheeler v. Greene, 194 S.W.3d 1, 6 (Tex. App.-Tyler 2006,
no pet.) (citing Mitchell v. Bank of Am., N.A., 156 S.W.3d 622, 629 (Tex. App.-Dallas 2004,
pet. denied)). "A party seeking a new trial on the ground of newly discovered evidence must
show the trial court that (1) the evidence has come to her knowledge since the trial, (2) it was
not owing to the want of due diligence that it did not come sooner, (3) it is not cumulative,
and (4) it is so material that it would probably produce a different result if a new trial were
granted." Id. 

 The hearing on the motion for new trial reflects that Williams was aware of the
existence of the tape recordings prior to the trial, and that she did not testify about them at
the trial because she "really didn't think that [she] would need them." Moreover, the record
of the hearing reflects that the trial court did not consider the tapes as newly discovered
evidence. We find no error in the trial court's ruling to exclude the tapes as evidence at the
hearing on the motion for new trial. Therefore, we overrule Williams's third issue. 

 Having overruled all of Williams's issues, we affirm the trial court's judgment.

 AFFIRMED.


 ___________________________

 HOLLIS HORTON

 Justice



Submitted on October 29, 2008

Opinion Delivered January 8, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.