NO. 07-09-00191-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 23, 2011

IN THE MATTER OF THE MARRIAGE OF VICKI SKARDA
AND GREGORY WAYNE SKARDA

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2008-544,204; HONORABLE JUDY C. PARKER, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

In this appeal from a divorce proceeding, appellant Gregory Skarda challenges the trial court's characterization of a tract of real property as one-half his separate property and one-half the separate property of appellee Vicki Skarda.[1] We will affirm.

Background

In June 2003, Gregory purchased real property located at 7913 FM 1264 in Lubbock County. Payment was by promissory note secured by a vendor's lien and deed of trust.

---

[1] For simplicity, we will refer to the parties by their given names. While not material to the merits of this appeal, the decree granted Vicki's request for name change.

Gregory and Vicki married in May 2004. They occupied a house on the FM 1264 property. On January 17, 2006, Gregory obtained refinancing of the FM 1264 property. In connection with the refinancing, on that date he and Vicki signed a warranty deed conveying the FM 1264 property to Gregory and Vicki as "joint tenants with right of survivorship."[2] A deed of trust executed the same date identified Gregory and Vicki jointly as "borrower."

Vicki filed for divorce in July 2008, and the case was assigned to County Court at Law No. 3 of Lubbock County. No children were born to the marriage and their dispute on divorce concerned division of their marital estate. Following a bench trial, a decree of divorce was rendered which included the following finding concerning the FM 1264 property:

> The court finds that [Gregory] owned the real property located at 7913 FM 1264 . . . before marriage. After marriage [Gregory and Vicki] refinanced that property. During the refinancing process [Gregory] executed a deed transferring, by gift, a one-half interest to [Gregory] and a one-half separate property interest to [Vicki].

No separate findings of fact and conclusions of law were requested.[3] This appeal followed.

---

[2] The deed's granting clause identified the grantor as "Gregory Skarda, a married man and joined by his spouse Vicki Skarda," and its grantee as "Gregory Skarda and Vicki Skarda, husband and wife as joint tenants with right of survivorship."

[3] On the request of a party, a trial court rendering a decree of divorce dividing the marital estate shall make findings of fact and conclusions of law. The findings and conclusions must characterize and value each asset and liability on which disputed evidence was presented. Tex. Fam. Code Ann. § 6.711 (West 2006).

## Issues

Through three issues, Gregory challenges the decree's finding concerning the FM 1264 property. First, he assails the subject-matter jurisdiction of the trial court. Second, he argues the finding of joint ownership of the FM 1264 property was in derogation of a Rule 11 agreement between him and Vicki. Finally, he challenges the factual sufficiency of the evidence supporting the finding that Gregory gifted a one-half interest in the FM 1264 property to Vicki.

## Analysis

In his first issue, Gregory asserts the trial court lacked subject-matter jurisdiction to characterize his separate real property as the joint property of the parties. His jurisdictional challenge is founded on Government Code § 26.043(8), which provides that in civil matters a county court lacks jurisdiction in a suit for recovery of land. Tex. Gov't Code Ann. § 26.043(8) (West 2004).

Whether a trial court possesses subject-matter jurisdiction is a question of law we review *de novo. Texas Natural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 855 (Tex. 2002). In Title 2 of the Government Code, regarding the judicial branch of our state government, the phrase "county court" means the court created in each county by Article V, Section 15 of the Texas Constitution. Tex. Gov't Code Ann. § 21.009(1) (West 2004); Tex. Const. art. V, § 15. Because it is a court enumerated in the Texas Constitution, such a court often is referred to as the "constitutional county court." *See* Tex. Gov't Code Ann., ch. 26 (West 2004 & Supp. 2010) (entitled Constitutional County

Courts); *Santana v. Tex. Workforce Comm'n,* No. 03-05-0452-CV, 2007 Tex. App. Lexis 6561, at *4 (Tex.App.--Austin Aug. 16, 2007, pet. denied) (mem. op.) (citing 1 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 3:3 (2d ed. 2004)). Conversely, a "statutory county court," such as Lubbock County Court at Law No. 3, is a county court created by the Legislature under Article V, Section 1, of the Texas Constitution. *See Santana,* 2007 Tex. App. Lexis 6561 at *7; Tex. Gov't Code Ann. § 21.009(2) (West 2004); Tex. Gov't Code Ann. § 25.1541(a)(3) (West 2004) (providing that County Court at Law No. 3 of Lubbock County is a statutory county court).

The general grant of jurisdiction of a statutory county court includes concurrent jurisdiction with constitutional county courts and district courts in civil cases with an amount in controversy between $500 and $100,000. Tex. Gov't Code Ann. § 25.0003(a),(c)(1) (West Supp. 2010). Additionally, in family law cases and proceedings the Legislature has specifically granted the county courts at law of Lubbock County concurrent jurisdiction with the district court. Tex. Gov't Code Ann. § 25.1542 (West 2004). In Government Code Chapter 25 (Statutory County Courts) the phrase "family law cases and proceedings" incorporates suits for divorce "including the adjustment of property rights" and "every other matter incident to divorce . . . proceedings." Tex. Gov't Code Ann. § 25.0002 (West 2004).

Gregory cites *Loville v. Loville* as supporting his argument. 944 S.W.2d 818 (Tex.App.--Beaumont 1997, writ denied) (per curiam). There, the appellate court dismissed the appeal from a Jefferson County court at law, finding the underlying suit was for recovery of land. *Id.* at 819. Looking to Government Code § 25.0003(a) and

4

(c)(1), the court found the county court at law was vested with the same jurisdiction as the constitutional county court in original civil proceedings. *Id.* The court found that since the constitutional county court lacked jurisdiction of a suit for recovery of land because of the restriction of § 26.043(8), the statutory county court also lacked such jurisdiction. *Id.*

Government Code § 26.043 is part of Government Code Chapter 26 (Constitutional County Courts). It contains no reference to statutory county courts, and by its plain language thus affects the jurisdiction only of constitutional county courts. In *Loville*, as noted, the court found § 26.043 applicable to the statutory county court only by virtue of the provisions of § 25.0003(a) granting those courts the jurisdiction prescribed by law for constitutional county courts. 944 S.W.2d at 819.[4]

In *Santana*, the Austin court pointed out that the jurisdiction given statutory county courts in Travis County exceeded that given similar courts in Jefferson County, so the logic employed in *Loville* did not apply to restrain the jurisdiction of the Travis County court. *Santana*, 2007 Tex. App. Lexis 6561, at *9; *see* Tex. Gov't Code Ann. § 25.1252 & statutory history (West 2004) (Jefferson County court at law provisions). For the same reason, *Loville* is inapposite here. The Legislature has given the county courts at law of Lubbock County concurrent jurisdiction with the district courts in family law cases and proceedings. Resolution of disputed characterizations of property held

---

[4] *See Merit Mgmt. Partners I, L.P. v. Noelke,* 266 S.W.3d 637, 643 (Tex.App.--Austin 2008, no pet.) (applying same logic to jurisdiction of statutory county court in Tom Green County).

by the parties on divorce is a matter incident to divorce.[5] The trial court did not lack subject-matter jurisdiction. *See generally Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 75 (Tex. 2000) ("jurisdiction" refers to authority of a court to adjudicate the type of controversy involved in the action).

Gregory's first issue is overruled.

In his second issue, Gregory urges the trial court abused its discretion by ignoring the parties' Rule 11 agreement concerning the FM 1264 property. *See* Tex. R. Civ. P. 11.

The community estate of the parties was divided through a contested hearing. The only Rule 11 agreement we find in the record is in the clerk's record. Neither side placed it in evidence at the hearing. "A trial judge is presumed to consider only the testimony and exhibits properly in evidence. When reviewing the merits of the trial court's decision, we are limited to considering the material that was before the trial court at the time that it ruled." *Barnard v. Barnard,* 133 S.W.3d 782, 789 (Tex.App.--Fort Worth 2004, pet. denied) (citations omitted).

---

[5] In a decree of divorce, a trial court must "order a division of the estate of the parties in a manner that the court deems just and right." Tex. Fam. Code Ann. § 7.001 (West 2006). Inherent in this process is the characterization of each party's assets. *See* Tex. Fam. Code Ann. § 6.711(a)(1) (West 2006) (in suit for divorce where court has divided marital estate of parties, on request court shall make written findings of fact and conclusions of law concerning *inter alia* the characterization of each party's assets); *Boyd v. Boyd,* 131 S.W.3d 605, 617 (Tex.App.--Fort Worth 2004, no pet.) (if mischaracterization of property is to degree affecting just and right division of community estate appellate court must remand for just and right division based on correct characterization).

But even had the agreement been in evidence, the trial court could not have abused its discretion by failing to take its terms into account in characterizing and dividing the parties' marital estate. We construe a Rule 11 agreement according to the rules for construction of contracts. *Dallas County v. Rischon Development Corp.,* 242 S.W.3d 90, 93 (Tex.App.--Dallas 2007, pet. denied). In so doing, we look to the plain meaning of the words used to determine the extent of the parties' agreement. *Cross Timbers Oil Co. v. Exxon Corp.,* 22 S.W.3d 24, 26 (Tex.App.--Amarillo 2000, no pet.).

The agreement is expressly conditioned on the trial court finding the FM 1264 property was not included in the parties' community estate. On that happening, the agreement specifies that Vicki will sign a "correction deed stating that such real property is the sole and separate property of [Gregory]." The Rule 11 agreement does not purport to be a stipulation to a particular characterization of the property, nor does it limit or constrain the trial court in its task of resolving the parties' dispute over its characterization. Regardless whether the trial court's characterization required some action by the parties under the Rule 11 agreement, a matter not presented and on which we express no opinion, the agreement does not demonstrate an abuse of discretion by the trial court in its characterization. Gregory's second issue is overruled.

By his third issue, Gregory asserts the evidence was factually insufficient to support the trial court's finding that Gregory gifted a one-half interest in the FM 1264 property to Vicki.

In a decree of divorce, a trial court must "order a division of the estate of the parties in a manner that the court deems just and right." Tex. Fam. Code Ann. § 7.001

(West 2006). Only the community property of the parties is subject to division. *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex. 1985). To determine whether the trial court erred in characterizing property, we apply an abuse of discretion standard. *Raymond v. Raymond,* 190 S.W.3d 77, 80 (Tex.App.--Houston [1st Dist.] 2005, no pet.). Gregory challenges the factual sufficiency of the evidence supporting the finding of gift. But under the abuse of discretion standard we employ, the legal and factual sufficiency of the evidence are not independent grounds of error, but relevant factors for determining whether the trial court abused its discretion. *Zieba v. Martin,* 928 S.W.2d 782, 786 (Tex.App.--Houston [14th Dist.] 1996, no writ); *Crawford v. Hope,* 898 S.W.2d 937, 940-41 (Tex.App.--Amarillo 1995, writ denied). If an abuse of discretion is shown, we then consider whether the error was harmless. *See* Tex. R. App. P. 44.1(a).

It is presumed that property possessed by spouses on the dissolution of marriage is community property. Tex. Fam. Code Ann. § 3.003(a) (West 2006). But the presumption is overcome by clear and convincing evidence that the asset is the separate property of a spouse. *Id.* at § 3.003(b). Property a spouse owns before marriage or acquires during marriage by gift is separate property. Tex. Const. art. XVI, § 16; Tex. Fam. Code Ann. § 3.001(2) (West 2006). The separate or community character of property is determined by the inception of title to the property. *Jensen v. Jensen,* 665 S.W.2d 107, 109 (Tex. 1984).

A deed for property from one spouse as grantor to the other spouse as grantee creates a rebuttable presumption that the grantee spouse received the property as separate property by gift. *Magness v. Magness,* 241 S.W.3d 910, 913 (Tex.App.--

8

Dallas 2007, pet. denied) (citing *Raymond,* 190 S.W.3d at 81; *Dyer v. Dyer,* 616 S.W.2d 663, 665 (Tex.Civ.App.--Corpus Christi 1981, writ dism'd w.o.j.). A gift is a transfer of property made voluntarily and gratuitously, without consideration. *Ellebracht v. Ellebracht,* 735 S.W.2d 658, 662 (Tex.App.--Austin 1987, no writ). The existence of a gift requires sufficient proof of: (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Hayes v. Rinehart,* 65 S.W.3d 286, 289 (Tex.App.--Eastland 2001, no pet.); *In re Estate of Hamill,* 866 S.W.2d 339, 344 (Tex.App.--Amarillo 1993, no writ). The intent of the donor is the principal issue in determining whether a gift was made. *Hayes,* 65 S.W.3d at 289.

"[Joint] tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession. Neither can be exclusively seised of any particular part of the property, and is cotenant of the other; but each has an undivided moiety of the whole, and not the whole of an undivided moiety." *Calvert v. Wallrath,* 457 S.W.2d 376, 377-378 (Tex. 1970) (quoting *In re Tilley's Estate,* 166 App. Div. 240, 151 N.Y.S. 79, 80-81 (1915), *aff'd* 215 N.Y. 702, 109 N.E. 1094 (1915)). "[J]oint tenancy is a form of separate property ownership and is wholly incompatible with community property concepts." *Holmes v. Beatty,* 290 S.W.3d 852, 859 (Tex. 2009) (quoting W. Reed Quilliam, Jr., *A Requiem for Hilley: Is Survivorship Community Property a Solution Worse than the Problem?*, 21 Tex. Tech L. Rev. 1153, 1167 (1990)).

"Whether property given by one spouse to the other is a gift and the recipient's separate property is a fact-intensive decision." *Hardy v. Hardy,* No. 03-02-0780-CV,

9

2003 Tex. App. Lexis 5106, at *11 (Tex.App.--Austin June 19, 2003, no pet.) (mem. op.). A trial court, sitting as trier of fact, is the sole judge of the credibility of the witnesses and the weight assigned their testimony. *Hatteberg v. Hatteberg,* 933 S.W.2d 522, 530 (Tex.App.--Houston [1st Dist.] 1994, no writ). As such, the trial court may consider all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Id.*

Here, trial began with the presumption that the FM 1264 property was community property. Without dispute from Vicki, inception of title in Gregory before marriage was established. The January 17 deed created a joint tenancy in the FM 1264 property in Gregory and Vicki. Otherwise, evidence of characterization was meager. Gregory testified he intended only to refinance the property and not give a half interest to Vicki. Vicki agreed she received a one-half interest in the property by gift "or otherwise" but also agreed the property was community in which she owned a one-half interest by deed. There was no evidence the January 17 deed was procured by fraud, accident, or mistake. By its nature, the joint tenancy created in Vicki by the January 17 deed was her separate property. On this record, we are unable to say the trial court abused its discretion in finding Vicki received a one-half interest in the FM 1264 property by gift. *See Magness*, 241 S.W.3d at 913 (reaching same conclusion on similar facts). Gregory's third issue is overruled.

Conclusion

Having overruled each of Gregory's issues, we affirm the judgment of the trial court.


James T. Campbell
Justice