

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00011-CV

J. Felix **GONZALEZ-LIMON**,
Appellant

v.

Ruth **GONZALEZ**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-06392
Honorable David A. Canales, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  November 19, 2014

AFFIRMED

The sole issue raised in this appeal is whether the trial court erred in finding that J. Felix Gonzalez-Limon gave his interest in the real property located at 1226 Patton Boulevard (the "Property") to Ruth Gonzalez.  We affirm the trial court's judgment.

### BACKGROUND

Gonzalez-Limon and Gonzalez were married in 2004 and purchased the Property in March of 2009.  In June of 2009, Gonzalez-Limon executed a warranty deed conveying his interest in the Property to Gonzalez.  In 2013, a bench trial was held on the merits of the original petition for

divorce filed by Gonzalez. Gonzalez testified that Gonzalez-Limon agreed to convey the Property to her in order to obtain tax exempt status for the Property based on Gonzalez's disability. Gonzalez-Limon did not testify. At the conclusion of the trial, the trial court found that Gonzalez-Limon gifted his interest in the Property to Gonzalez. Gonzalez-Limon appeals.

## DISCUSSION

"A gift is a transfer of property made voluntarily and gratuitously, without consideration." *In re Marriage of Skarda*, 345 S.W.3d 665, 671 (Tex. App.—Amarillo 2011, no pet.); *see also Mora v. Mora*, No. 04-12-00638-CV, 2014 WL 769441, at *7 (Tex. App.—San Antonio Feb. 26, 2014, no pet.) (mem. op.); *Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.—Dallas 2007, pet. denied). "The existence of a gift requires sufficient proof of: (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property." *In re Marriage of Skarda*, 345 S.W.3d at 671; *see also Mora*, 2014 WL 769441, at *7; *Magness*, 241 S.W.3d at 912. "The intent of the donor is the principal issue in determining whether a gift was made." *In re Marriage of Skarda*, 345 S.W.3d at 671; *see also Mora*, 2014 WL 769441, at *7.

"A deed for property from one spouse as grantor to the other spouse as grantee creates a rebuttable presumption that the grantee spouse received the property as separate property by gift." *In re Marriage of Skarda*, 345 S.W.3d at 671; *see also Mora*, 2014 WL 769441, at *7; *Magness*, 241 S.W.3d at 912. "The presumption may be rebutted by proof the deed was procured by fraud, accident, or mistake." *Magness*, 241 S.W.3d at 912-13; *see also Mora*, 2014 WL 769441, at *7. "Whether property given by one spouse to the other is a gift and the recipient's separate property is a fact-intensive decision." *In re Marriage of Skarda*, 345 S.W.3d at 671; *see also Mora*, 2014 WL 769441, at *7. The trial court, as the fact-finder in this case, is the sole judge of the credibility of the witnesses and may accept or reject any or all of a witness's testimony. *In re Marriage of Skarda*, 345 S.W.3d at 672; *see also Mora*, 2014 WL 769441, at *7; *Magness*, 241 S.W.3d at 913.

In this case, Gonzalez-Limon signed a deed as grantor conveying his interest in the Property to Gonzalez as grantee, thereby creating a rebuttable presumption that Gonzalez received the Property as separate property by gift. *See Mora*, 2014 WL 769441, at *7; *In re Marriage of Skarda*, 345 S.W.3d at 671; *Magness*, 241 S.W.3d at 912. Although the record contains evidence that Gonzalez-Limon agreed to the conveyance to obtain tax exempt status for the Property, the record contains no evidence that the agreement was procured by fraud, accident, or mistake. *See Magness*, 241 S.W.3d at 912-13. Because the record contains no evidence to rebut the presumption that Gonzalez received the Property as separate property by gift, the trial court did not err in finding that Gonzalez-Limon gifted his interest in the Property to Gonzalez. *See Magness*, 241 S.W.3d at 912-13; *see also In re Marriage of Skarda*, 345 S.W.3d at 672.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice