# NO. 12-17-00034-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE MARRIAGE OF NAINA LYNNE GREEN AND JOHN BERNICE MCDANIEL* | § | *APPEAL FROM THE 1ST* |
| | § | *JUDICIAL DISTRICT COURT* |
| | § | *SABINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Naina Lynne Green appeals the trial court's final divorce decree, which characterized certain real property known as "God's Country RV Park" (the RV park) as part of the community property of her marital estate with John Bernice McDaniel. In one issue, Green argues that the RV park was her separate property, which McDaniel gave her as a gift during their marriage. We affirm.

## BACKGROUND

Green and McDaniel were married for over fifteen years when Green filed for divorce in July 2015. The undisputed evidence at trial showed that they established the RV park during their marriage. Green introduced into evidence a recorded quitclaim deed from McDaniel to her, dated October 23, 2012, transferring his interest in the RV park to her. The quitclaim deed stated the consideration given was "cash and other good and valuable consideration, a receipt and sufficiency of which are hereby acknowledged, paid from grantee's separate property." But, at trial, Green testified that McDaniel's intent in signing the quitclaim deed was to give her the RV park as a gift.

McDaniel testified that at the time he executed the quitclaim deed, he had been having heart problems. He further testified that he had seen numerous heart doctors about this condition. McDaniel stated that at the conclusion of his appointments with these doctors, Green stayed behind to talk with the doctors. McDaniel further stated that what was said during these

conversations was not audible to him, but afterward, Green would tell him that "the doctor said it really wasn't good[;] you may not be with us very long." McDaniel testified that after a number of these conversations with Green, he agreed to sign the quitclaim deed.

Green arranged for an attorney, whom McDaniel never had met, to prepare the quitclaim deed. McDaniel testified that when he signed the quitclaim deed, he told the drafting attorney he was doing so "just in case I pass away or something happens to me." McDaniel further testified that he told the attorney that it was not his intention to transfer his interest in the RV park to Green unless something terrible happened to him.

Ultimately, the trial court rendered a Final Decree of Divorce, which characterized the RV park as community property and awarded one-half of it to Green and one-half of it to McDaniel. The trial court entered the following conclusions of law regarding its division of the RV park:

> 12. Respondent denied execution of the deed for the property known as "God's Country R.V. Park" and testified that it was procured through forgery or fraud, and the deed purported to be dated October 23, 2012, lacked an acknowledgment or notary. The Notary did not testify to assert otherwise.
>
> 13. Grantor spouse was a party to the deed and subject to the parole evidence rule.
>
> 14. Grantor spouse was not involved in having or directing the preparation of the deed. The deed recited only a cash consideration. The deed failed to state the property was conveyed as spouse's sole and separate property. Grantor spouse did not intend to make a gift of property to grantee spouse. Although, a deed from one spouse as grantor to the other spouse as grantee creates a presumption that the grantee spouse received the property as separate property, the presumption was rebutted by fraud, allegations of forgery, the plain language of the deed, the lack of donative intent from the grantor and the lack of a recitation in the deed as grantee[']s sole and separate property.

This appeal followed.


### CHARACTERIZATION OF THE RV PARK

In her sole issue, Green contends that the trial court abused its discretion in characterizing the RV park as community property instead of as her separate property.

**Standard of Review**

We review the trial court's characterization of the property at issue for abuse of discretion. *See In re Marriage of Skarda*, 345 S.W.3d 665, 671 (Tex. App.–Amarillo 2011, no pet.). Property possessed by either spouse during or upon dissolution of the marriage is

presumed to be community property, and a spouse wishing to overcome the community property presumption must prove the separate character of the property by clear and convincing evidence. *Viera v. Viera*, 331 S.W.3d 195, 206 (Tex. App.–El Paso 2011, no pet.). Clear and convincing evidence means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West 2014).

In conducting a legal sufficiency review under the clear and convincing evidence standard, an appellate court reviews all of the evidence in the light most favorable to the trial court's finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). Looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the fact finder resolved disputed facts in favor of the finding if a reasonable fact finder could do so. *See id*.

When considering factual sufficiency of the evidence under the clear and convincing evidence standard, we give due consideration to evidence the fact finder reasonably could have found to be clear and convincing. *See Magness v. Magness*, 241 S.W.3d 910, 912 (Tex. App.–Dallas 2007, pet. denied). We then consider whether disputed evidence is such that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266.

A trial court's findings of fact are of the same force and dignity as a jury's answers to jury questions. *See York v. Boatman*, 487 S.W.3d 635, 644 (Tex. App.–Texarkana 2016, no pet.). The trial court's findings of fact are reviewable for legal and factual sufficiency by the same standards that are applied in reviewing legal or factual sufficiency of the evidence supporting a jury's answer to a jury question. *Id.* We conduct a de novo review of the trial court's conclusions of law. *Id.* Although a trial court's conclusions of law are not reviewable for factual sufficiency, we may review the trial court's legal conclusions drawn from the facts to determine whether the conclusions are correct. *Id.* We will uphold conclusions of law if the judgment can be sustained on any legal theory supported by the evidence. *City of Houston v. Cotton*, 171 S.W.3d 541, 546 (Tex. App.–Houston [14th Dist.] 2005, pet. denied).[1]

---

[1] Regardless of the label, the trial court's designation of a finding of fact or conclusion of law is not controlling on appeal. *See Ray v. Farmers' State Bank of Hart*, 576 S.W.2d 607, 608 n.1 (Tex. 1979); *Banker v.*

**Governing Law**

In Texas, all marital property is characterized as either "separate" or "community." *See Pace v. Pace*, 160 S.W.3d 706, 711 (Tex. App.–Dallas 2005, pet. denied). As noted previously, property possessed by either spouse during or upon the dissolution of their marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (West 2006). Property owned or claimed by a spouse before marriage remains that spouse's separate property during and after the marriage. TEX. CONST. ANN. XVI, § 15 (West Supp. 2016); TEX. FAM. CODE ANN. § 3.001 (West 2006). A trial court may not divest a party of his separate property by a divorce decree. *Pace*, 160 S.W.3d at 711.

A gift is a voluntary transfer of property to another made gratuitously and without consideration. *Magness*, 241 S.W.3d at 912. A deed for property from one spouse as grantor to the other spouse as grantee creates a rebuttable presumption that the grantee spouse received the property as separate property by gift. *Skarda*, 345 S.W.3d at 671. The presumption may be rebutted by proof the deed was procured by fraud, accident, or mistake. *Magness*, 241 S.W.3d at 912–13. The intent of the donor is the principle issue in determining whether a gift was made. *Skarda*, 345 S.W.3d at 671.

A husband and wife owe each other special fiduciary duties. *See Vickery v. Vickery*, 999 S.W.2d 342, 357 (Tex. 1999). All transactions between a fiduciary and her principal are presumptively fraudulent and void. *See Jordan v. Lyles*, 455 S.W.3d 785, 792 (Tex. App.–Tyler 2015, no pet.). Moreover, where a fiduciary relationship exists, the fiduciary must demonstrate she acted fairly and informed the principal of all material facts relating to the alleged transaction. *Id.* Even in the case of a gift between parties with a fiduciary relationship, equity indulges the presumption of unfairness and invalidity, and requires proof at the hand of the party claiming validity of the transaction that it is fair and reasonable. *Id.*; *Estate of Townes v. Townes*, 867 S.W.2d 414, 417 (Tex. App.–Houston [14th Dist.] 1993, writ denied). In establishing the fairness of a transaction involving a fiduciary, some of the most important factors are (1) whether there was full disclosure regarding the transaction, (2) whether the consideration, if any, was adequate, and (3) whether the beneficiary had the benefit of independent advice. *Jordan*, 455 S.W.3d at 792.

---

*Banker*, 517 S.W.3d 863, 870 (Tex. App.–Corpus Christi 2017, pet. denied). Conclusions which are actually findings will be treated as findings, and vice versa. *Banker*, 517 S.W.3d at 870.

**Analysis**

In the instant case, McDaniel testified that he executed the quitclaim deed to Green in case he were to die from his heart condition. He argued that she now is attempting to use the quitclaim deed to have the property characterized as separate property in their divorce

Green contends that McDaniel could not testify during the divorce trial about any terms that contradicted the quitclaim deed. We disagree. In determining whether a gift was intended by the execution of a deed, we must look to the facts and circumstances surrounding the execution, in addition to the recitations in the deed itself. *Williams v. Kaufman*, 275 S.W.3d 637, 641 (Tex. App.–Beaumont 2009, no pet.). The testimony of a party to a suit is competent to raise an issue of fact. *Id*. The intent of the donor is the principle issue in determining whether a gift was made. *See Skarda*, 345 S.W.3d at 671.

Here, McDaniel testified that his purpose in signing the quitclaim deed was for the RV park to go to Green in the event of his death. On the contrary, Green introduced the quitclaim deed into evidence during trial in an attempt to demonstrate that the RV park was her separate property. It is the province of the trier of fact to resolve such conflicts. *See Williams*, 275 S.W.3d at 641. The trial court may believe one witness and disbelieve others and may resolve any inconsistencies in a witness's testimony. *Id*. (citing *McGalliar v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986)).

Further, the quitclaim deed stated that Green paid McDaniel for the RV park out of her separate property. But in contradiction to this language in the quitclaim deed, Green testified that McDaniel gave her the RV park. Additionally, contrary to the language of the quitclaim deed, McDaniel testified that after he signed the deed, the couple continued to use community funds for the upkeep and maintenance of the RV park. *See Jordan*, 455 S.W.3d at 792 (in establishing fairness of transaction involving a fiduciary, factors include adequacy of consideration). Further still, there is no evidence that McDaniel had the benefit of independent advice, but rather, only discussed the matter with Green's attorney, a person whom he never had met previously. *See id.* (fairness factors include independent advice). Lastly any evidence that McDaniel received full disclosure concerning the transaction is suspect considering his testimony that Green routinely had private conversations with his doctors prior to informing him that his prognosis was dire. *See id.* (fairness factors include full disclosure regarding transaction).

Based on our review of the record, we conclude that there was not clear and convincing evidence that McDaniel, in executing the quitclaim deed, intended to give the RV park to Green as her separate property, except upon the condition of his death. *See* TEX. FAM. CODE ANN. § 101.007; *see also **J.F.C.***, 96 S.W.3d at 266; ***Magness***, 241 S.W.3d at 912. Therefore, we hold that the trial court did not abuse its discretion in characterizing the RV park as community property. *See **Skarda***, 345 S.W.3d at 671. Green's sole issue is overruled.

## DISPOSITION

Having overruled Green's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2017

NO. 12-17-00034-CV

**IN THE MATTER OF THE MARRIAGE OF
NAINA LYNNE GREEN AND JOHN BERNICE MCDANIEL**

Appeal from the 1st District Court
of Sabine County, Texas (Tr.Ct.No. 4258)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **NAINA LYNNE GREEN**, for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*