# NO. 12-16-00279-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NOEL COTTON,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *ELIZABETH COTTON,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Noel Cotton appeals the trial court's final decree of divorce. On appeal, he presents five issues. We affirm.

### BACKGROUND

Noel Cotton and Elizabeth Cotton were married on December 5, 1992. On November 15, 2013, Elizabeth filed an original petition for divorce, alleging that Noel committed adultery. She also requested that she be awarded a disproportionate share of the parties' estate because of, among other reasons, fault in the breakup of the marriage, and the disparity of earning power between the spouses and their ability to support themselves. Noel filed a general denial and a counter-claim, requesting that he be awarded a disproportionate share of the parties' estate.

After a bench trial, the trial court granted the parties a divorce on the grounds of adultery. Noel was awarded as his sole and separate property an undivided interest in the business known as Sid Roberts Funeral Home (the "Funeral Home"), the tract of land on which the Funeral Home was situated (the "Land"), and two tracts of land adjacent to the Funeral Home. Likewise, Elizabeth was awarded as her sole and separate property an undivided interest in the Funeral Home, the Land, and two tracts of land adjacent to the Funeral Home. The trial court also awarded the marital home and an insurance check in the amount of $5,872.77 to Elizabeth.

Following the decree of divorce, Noel made a timely request for findings of fact and conclusions of law. However, the trial court did not file any findings of fact and conclusions of law, and Noel failed to file a notice of past due findings. This appeal followed.

<u>STANDARD OF REVIEW</u>

In a decree of divorce, a court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE ANN. § 7.001(West 2006). We review a trial court's division of property under an abuse of discretion standard. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied); *see also Garza v. Garza*, 217 S.W.3d 538, 548 (Tex. App.—San Antonio 2006, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Garza*, 217 S.W.3d at 549; *Moroch*, 174 S.W.3d at 857. It is this court's duty to consider every reasonable presumption in favor of the proper exercise of discretion by the trial court in dividing the community estate. *Loaiza v. Loaiza*, 130 S.W.3d 894, 899 (Tex. App.–Fort Worth 2004, no pet.) (citing *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981)). Moreover, we should reverse a court's division of property only if the error materially affects the court's just and right division of the property. *Henry v. Henry*, 48 S.W.3d 468, 475 (Tex. App.—Houston [14th Dist.] 2001, no pet.). However, once reversible error affecting the "just and right" division of the community estate is found, an appellate court must remand the entire community estate for a new division. *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 780 (Tex. App.—San Antonio 2004, pet. denied) (quoting *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985)).

Where findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984). In determining whether some evidence supports the judgment and the implied findings of fact, "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (quoting *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 513, 235 S.W.2d 609, 613 (1950)). In other words, we imply all necessary findings to support the trial court's order. *See id.*

2

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his fifth issue, Noel argues that the trial court abused its discretion by refusing to prepare and file findings of fact and conclusions of law. In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. TEX. R. CIV. P. 296. Such request shall be filed within twenty days after judgment is signed with the clerk of the court. *See id.* If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file a "Notice of Past Due Findings of Fact and Conclusions of Law." TEX. R. CIV. P. 297.

In this case, Noel requested the trial court file findings of fact and conclusions of law on June 14, 2016, within twenty days after the judgment was signed. When the trial court failed to file its findings and conclusions, Noel did not file a notice of past due findings within thirty days of his original request. *See id.* As a result of this failure, we hold that Noel waived his right to complain of the trial court's failure to file findings of fact and conclusions of law. *See Sonnier v. Sonnier*, 331 S.W.3d 211, 214 (Tex. App.—Beaumont 2011, no pet.). We overrule Noel's fifth issue.

## PROPERTY DIVISION

In his first and second issues, Noel argues that the trial court abused its discretion by awarding the marital home and an insurance check to Elizabeth. He contends that the marital home and insurance checks were community property, and should have been divided equally between the parties. In his third and fourth issues, Noel argues that the trial court abused its discretion by awarding Elizabeth an undivided interest in the Funeral Home and the Land. He contends that the Funeral Home and the Land were his separate property.

### Applicable Law

A trial court is charged with dividing the marital estate in a "just and right" manner. TEX. FAM. CODE ANN. § 7.001; *Gardner v. Gardner*, 229 S.W.3d 747, 756 (Tex. App.—San Antonio 2007, no pet.). In dividing the marital estate, the trial court is not required to divide it equally, but may order an unequal division when a reasonable basis exists for doing so. *Murff*, 615 S.W.2d at 698–99; *Gardner*, 229 S.W.3d at 756; *Prague v. Prague*, 190 S.W.3d 31, 41 (Tex. App.—Dallas 2005, pet. denied). Factors to consider in dividing the estate include the parties'

capacities and abilities; benefits the party not at fault would have derived from continuation of the marriage; business opportunities; education; the parties' physical conditions; the parties' financial conditions and obligations; the size of the separate estates; the nature of the property; and disparities in earning capacities and incomes. *See Murff*, 615 S.W.2d at 699. The court may also consider fault and the conduct of the errant spouse when fault grounds are pled. *Id.* at 698. Grounds for a fault-based divorce include adultery. *See* TEX. FAM. CODE ANN. § 6.003 (West 2006). The circumstances of each marriage dictate what factors should be considered in division of the marital estate. *Young v. Young*, 609 S.W.2d 758, 761 (Tex. 1980).

Property possessed by either spouse during or on the dissolution of the marriage is presumed to be community property. TEX. FAM. CODE ANN. § 3.003(a) (West 2006). Any doubt as to the character of property should be resolved in favor of the community estate. *Sink v. Sink*, 364 S.W.3d 340, 345 (Tex. App.—Dallas 2012, no pet.). In the context of a divorce proceeding, characterization of property is determined by the time and circumstances of its acquisition. *Rivera v. Hernandez*, 441 S.W.3d 413, 420 (Tex. App.–El Paso 2014, pet. denied). Separate property consists of all the spouse's property, both real and personal, that is owned or claimed before marriage, and that is acquired after marriage by gift, devise, or descent. TEX. CONST. art. XVI, § 15. Community property consists of property, other than separate property, acquired by either spouse during marriage. TEX. FAM. CODE ANN. § 3.002 (West 2006). The burden of proof necessary to establish that property is separate property is clear and convincing evidence. *Id.* § 3.003(b) (West 2006). Clear and convincing evidence means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id*. § 101.007 (West 2014).

To overcome the community property presumption, the spouse claiming certain property as separate property must trace and clearly identify the property claimed to be separate. *Boyd v. Boyd*, 131 S.W.3d 605, 612 (Tex. App.—Fort Worth 2004, no pet.). Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Smith v. Smith*, 22 S.W.3d 140, 144 (Tex. App.–Houston [14th Dist.] 2000, no pet.) (op. on reh'g). As a general rule, the clear and convincing standard is not satisfied by testimony that property possessed at the time the marriage is dissolved is separate property when that testimony is contradicted or unsupported by

4

documentary evidence tracing the asserted separate nature of the property. *Graves v. Tomlinson*, 329 S.W.3d 128, 139 (Tex. App.–Houston [14th Dist.] 2010, pet. denied).

As noted above, a spouse's separate property consists of the property acquired by the spouse during marriage by gift, devise, or descent. *See* TEX. CONST. art. XVI, § 15. A gift is a transfer of property made voluntarily and gratuitously, without consideration. *In re Marriage of Skarda*, 345 S.W.3d 665, 671 (Tex. App.—Amarillo 2011, no pet.). The existence of a gift requires sufficient proof of (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Id.* The intent of the donor is the principal issue in determining whether a gift was made. *Id.* To establish intent, a person must "perform an affirmative act which would clearly reflect an intention to make a gift of [the] community share." *Freedman v. United States*, 382 F.2d 742, 747 (5th Cir. 1967).

<u>Analysis</u>

We will first determine if the Funeral Home, Land, and the two tracts of land adjacent to the Funeral Home were Noel's separate property. Noel contends that his father gifted the Funeral Home to him, and that the Land and two tracts of land adjacent to the Funeral Home were his separate property. The evidence at trial showed that the Funeral Home was acquired during the marriage and relocated to the Land. Noel and his father testified that the Funeral Home was a gift from his father. Elizabeth testified that she had no personal knowledge about what occurred between Noel and his father regarding the transfer of the Funeral Home. However, Noel produced no documentation at trial regarding his acquisition of the Funeral Home. He also claimed that the Funeral Home was incorporated, but did not produce any documentation showing such incorporation. According to Noel, the incorporation of the Funeral Home was "proof" that his father gave it to him as a gift.

The evidence also shows that the Funeral Home structure was relocated to another property, the "Land." Noel testified that the Land and the two tracts of land adjacent to it were purchased from Funeral Home funds and his father. He also stated that "[e]verything was in one tract and it was given from [his father to him]." According to Noel, all the furnishings and equipment in the Funeral Home were purchased or were original to the business. Noel offered no documentation that his father gifted the real property to him or that funds from the Funeral Home were used to purchase the real property. He also offered no documentation, including a warranty deed, showing that the real property was his separate property.

5

Noel's testimony about the Land and the two tracts of land adjacent to the Funeral Home are similar to the type of evidence other courts have found insufficient to constitute clear and convincing evidence rebutting the community presumption and establishing characterization of property as separate. *See Boyd*, 131 S.W.3d at 615-16; *Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 354 (Tex. App.—Austin 2002, pet. denied) (holding husband's testimony failed to establish certain accounts were separate property because neither his testimony nor the exhibits offered "provid[ed] account numbers, statements of accounts, dates of transfers, amounts transferred in or out, sources of funds or any semblance of asset tracing"); *Osorno v. Osorno*, 76 S.W.3d 509, 512 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding husband's testimony insufficient to overcome the community presumption in the absence of deposit slips or bank records tracing the source of the funds); *Bahr v. Kohr*, 980 S.W.2d 723, 728-30 (Tex. App.—San Antonio 1998, no pet.) (holding wife's testimony failed to establish property was her separate property because documentary evidence offered to support claim that property was purchased with monies from a separate property account did not show date the account was opened, the running balance of the account, or identify the party receiving wire transfer for alleged purchase of property at issue); *Robles v. Robles*, 965 S.W.2d 605, 615-16 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (holding husband's testimony insufficient to overcome the community presumption when husband only testified as to the separate nature of the property in dispute but provided no supporting documentary evidence to trace the funds used to purchase the property).

Here, Noel presented no documentary evidence tracing the origin of the properties or corroborating his separate property claims. *See Graves*, 329 S.W.3d at 140. He offered no documents to support his characterization of the Funeral Home, the Land, or the two tracts of land adjacent to the Funeral Home in his testimony. *See id.* "Mere testimony that property was purchased with separate property funds, without any tracing of the funds, is generally insufficient to rebut the community presumption." *Zagorski v. Zagorski*, 116 S.W.3d 309, 316 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing *McElwee v. McElwee*, 911 S.W.2d 182, 188 (Tex. App.–Houston [1st Dist.] 1995, writ denied)). Because he has not adequately traced his separate property, Noel has not shown that the trial court abused its discretion by awarding one-half interest in the Funeral Home, the Land, and the two tracts of land adjacent to the Funeral Home to Elizabeth. We overrule Noel's third and fourth issues.

Next, we must determine if the trial court abused its discretion in awarding Elizabeth the marital home and the insurance check. Noel contends that both were community property, and that the trial court should have divided the marital home and the insurance check between them. Further, he contends in an undesignated issue that there was no just and fair division of the property.

As noted above, in dividing the marital estate, the trial court is not required to divide it equally, but may order an unequal division when a reasonable basis exists for doing so. *See Murff*, 615 S.W.2d at 698–99; *Prague*, 190 S.W.3d at 41. The factors to consider in dividing the estate include the parties' capacities and abilities; the nature of the property; disparities in earning capacities and incomes; and fault in the marriage. *See Murff*, 615 S.W.2d at 698-99. Generally, in a fault-based divorce, such as here, the trial court may consider the conduct of the errant spouse when making a disproportionate distribution of the marital estate. *See In re Marriage of C.A.S.*, 405 S.W.3d 373, 392 (Tex. App.—Dallas 2013, no pet.). For instance, a trial court's finding of adultery can support the disproportionate division of the community property. *See, e.g.*, *In re K.R.C.*, No. 05-13-01419-CV, 2015 WL 7731784, at *4 (Tex. App.—Dallas Dec. 1, 2015, pet. denied) (mem. op.) (affirming trial court's disproportionate division of community property that was based on adultery finding).

Here, the trial court granted Noel and Elizabeth a divorce on the grounds of adultery. The evidence at trial showed that Noel purchased the marital home during the marriage. Noel paid for the mortgage on the home while she paid some, or all, of the utilities. The evidence also showed that the home may have been valued at approximately $125,000, and had an outstanding tax lien of approximately $25,000 against it. Elizabeth testified that she worked at a government agency, earned approximately $3,500 per month, had $600 in her checking account, and approximately $25,000 in her retirement account. She testified that she needed assistance in order to continue her lifestyle. Noel did not testify regarding his income, capacities, or abilities. Elizabeth also testified regarding Noel's numerous extra-marital affairs during the marriage. According to Elizabeth, Noel did not deny the affairs. Elizabeth also testified that during the divorce, she received a check in the amount of $5,872.77 from an insurance company to Noel. She attempted to contact Noel, but was unable to do so. Elizabeth's attorney deposited the check into his trust account.

Further, Noel did not know the value of the two adjacent tracts of land. He valued the Funeral Home at approximately $600,000, and stated that there was an outstanding loan against it. Neither party placed a value on the Land. Noel did not know the value of the furnishings and equipment within the Funeral Home or the value of vehicles in the parties' possession or in possession of the Funeral Home. According to Noel, the Funeral Home owned all of the vehicles including the vehicle that Elizabeth drove.

As noted above, we have already determined that the Funeral Home, Land, and the two adjacent tracts of land were community property. From this evidence, the trial court could have determined that the marital home and the insurance check were also community property, that the marital home had a significant tax lien against it, that Noel had committed adultery, and that there may have been disparities in the parties' earning capacity and income. In dividing the marital estate, the trial court has broad discretion, and we must presume that it exercised that discretion properly. *See Murff*, 615 S.W.2d at 698-99. Given the evidence of Noel's fault in the breakup of the marriage and the disparity in the parties' earning capacity and income, the trial court did not abuse its discretion in awarding the marital home and the insurance check to Elizabeth.

Finally, Noel had the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *See Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980); *Vannerson v. Vannerson*, 857 S.W.2d 659, 672 (Tex. App.—Houston [1st Dist.] 1993, writ denied). However, his brief merely asserts that Elizabeth did not pay for the mortgage on the marital home, did not purchase her own vehicles, and was allowed to spend her own money during the marriage. Noel has not met his burden to show from the evidence that the trial court's division of the community property was so unjust and unfair as to constitute an abuse of discretion. *See Mann*, 607 S.W.2d at 245; *Vannerson*, 857 S.W.2d at 672. Moreover, without findings of fact, we do not know the basis for the division, the values assigned to the community assets, or the percentage of the marital estate that each party received. *Hallum v. Hallum*, No. 01-09-00095-CV, 2010 WL 4910232, at *6 (Tex. App.–Houston [1st Dist.] Dec. 2, 2010, no pet.) (mem. op.). Accordingly, the trial court did not abuse its discretion in dividing the community property of the parties. We overrule Noel's first and second issues.

## **DISPOSITION**

Having overruled all of Noel's issues, we ***affirm*** the judgment of the trial court.

**GREG NEELEY**
Justice

Opinion delivered December 21, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2017**

**NO. 12-16-00279-CV**

**NOEL COTTON,**
Appellant
V.
**ELIZABETH COTTON,**
Appellee

Appeal from the County Court at Law

of Nacogdoches County, Texas (Tr.Ct.No. C1329634)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*